IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RAY WILLIAMS,

        Plaintiff,              No. CIV S-06-1474 LKK GGH P

      vs.

DR. DANIEL THOR, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2    plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

3            The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

5    § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief. 28

8    U.S.C. § 1915A(b)(1),(2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

13   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16           A complaint, or portion thereof, should only be dismissed for failure to state a

17   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18   of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &

19   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

20   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing

21   a complaint under this standard, the court must accept as true the allegations of the complaint in

22   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

23   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

24   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25   /////

26   /////

2

1          The complaint states a colorable claim for relief against defendants Dr. Daniel

2   Thor; Dr. Alvaro Traquina; Dr. Naku; Dr. Solomon, pursuant to 42 U.S.C. § 1983 and 28 U.S.C.

3   § 1915A(b).

4          Plaintiff seeks to name California State Prison (CSP) - Solano as a defendant in

5   this action.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private

6   parties against a state or state agency unless the state or the agency consents to such suit.  See

7   Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam);

8   Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of

9   California has not consented to suit.  Accordingly, plaintiff's claims against CSP-Solano are

10  frivolous and must be dismissed.

11         As to defendants Dr. Noriega, Dr. Parker, and Dr. Roher (or Rohrer), plaintiff sets

12  forth wholly insufficient allegations with respect to any claim of inadequate medical care in

13  regard to his allegation that he contracted a necrotic condition as a result of a staph infection after

14  abdominal surgery or that his pain was inadequately treated because he does not state their

15  involvement in any such deprivation.  Plaintiff has attached more than one hundred pages of

16  exhibits, but it is not the function of the court to cull through plaintiff's exhibits in order to

17  formulate or shore up plaintiff's allegations.  Plaintiff must set them forth with sufficient

18  specificity within the complaint itself.

19         In order to state a § 1983 claim for violation of the Eighth Amendment based on

20  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

21  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

22  285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

23  serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,

24  501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.

25  1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

26  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

1       A serious medical need exists if the failure to treat a prisoner's condition could

2   result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

3   that a prisoner has a serious need for medical treatment are the following:  the existence of an

4   injury that a reasonable doctor or patient would find important and worthy of comment or

5   treatment; the presence of a medical condition that significantly affects an individual's daily

6   activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

7   F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

8   (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

9   grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

10      In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

11  defined a very strict standard which a plaintiff must meet in order to establish "deliberate

12  indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.

13  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

14  which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.

15  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

16  should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

17      It is nothing less than recklessness in the criminal sense—a subjective standard—

18  disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at

19  1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn

20  that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837,

21  114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

22  of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at

23  847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his

24  knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was

25  obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at

26  1981.  However, obviousness per se will not impart knowledge as a matter of law.

4

1    Also significant to the analysis is the well established principle that mere

2  differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

3  Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,

4  662 F.2d 1337, 1344 (9th Cir. 1981).  Defendants Noriega, Parker, and Roher will be dismissed

5  but plaintiff will be granted leave to amend.

6    As to defendant Warden Carey, plaintiff's alleges in this complaint wherein he

7  seeks money damages only, that Carey was responsible for the failure of his subordinates, to

8  follow protocol for a non-occupational injury when plaintiff fell from an upper bed and injured

9  himself on September 9, 2003.  Complaint, p. 3.

10    The Civil Rights Act under which this action was filed provides as follows:

11    Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
12    deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
13    law, suit in equity, or other proper proceeding for redress.

14  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

17  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

19  omits to perform an act which he is legally required to do that causes the deprivation of which

20  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21    Moreover, supervisory personnel are generally not liable under § 1983 for the

22  actions of their employees under a theory of respondeat superior and, therefore, when a named

23  defendant holds a supervisorial position, the causal link between him and the claimed

24  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

25  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

26  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

1   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

2   Cir. 1982).   Plaintiff conclusory and ill-defined allegation is insufficient to state a claim against

3   defendant Carey, who will be dismissed.  Plaintiff will be granted leave to amend.

4           Plaintiff also names as a defendant N. Grannis of the Inmate Appeals Branch who

5   denied his appeals related to his medical needs.  Prisoners do not have a "separate constitutional

6   entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860

7   (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-

8   existence of, or the failure of prison officials to properly implement, an administrative appeals

9   process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855

10  F.2d 639, 640 (9th Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993);

11  Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill.

12  1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any

13  substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest

14  requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a

15  failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State

16  regulations give rise to a liberty interest protected by the Due Process Clause of the federal

17  constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

18  and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin

19  v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]  Plaintiff's due process claims

20  against defendant Grannis will be dismissed, but plaintiff will be granted leave to amend.

21

22          [1]  "[W]e recognize that States may under certain circumstances create liberty interests which
    are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107
23  S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from
    restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to
24  protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493,
    100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222,
25  110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes
    atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."
26  Sandin v. Conner, supra.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's claims against CSP-Solano; Warden Carey; N. Grannis; Dr. Noriega; Dr. Parker; and Dr. Roher (or Rohrer) are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be

1   dismissed from this action.

2           4.  Upon filing an amended complaint or expiration of the time allowed therefor,

3   the court will make further orders for service of process upon some or all of the defendants.

4   DATED:  11/8/06

                        /s/ Gregory G. Hollows

5
                        GREGORY G. HOLLOWS
6                           UNITED STATES MAGISTRATE JUDGE

7   GGH:009
   will1474.b1nf
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26