IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RAY WILLIAMS,

        Plaintiff,                  No. CIV S-06-1474 LKK GGH P

    vs.

DR. DANIEL THOR, et al.,

        Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on November 9, 2006, various defendants were dismissed from plaintiff's complaint, with leave granted to file an amended complaint. Plaintiff was granted an extension of time to file an amended complaint. See Order, filed on January 18, 2007. Plaintiff subsequently filed an amended complaint.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The amended complaint states a colorable claim for relief against defendants Dr. Parker, Dr. Thor, Dr. Traquina, Dr. Solomon, Dr. Naku for inadequate medical care for a serious medical condition in violation of plaintiff's Eighth Amendment rights, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

As to plaintiff's claims that defendants Drs. Thor and Traquina were engaged in a conspiracy and committed a RICOAct[1] violation in responding to plaintiff's grievances by failing to mention one or two specific dates on which plaintiff returned to the clinic in severe pain and/or with an infection, these claims are without merit.

---

[1] Racketeer Influenced and Corrupt Organizations Act (RICO).

1  To the extent plaintiff seeks to allege a criminal violation under RICO, the
2  Supreme Court has made clear that "a private citizen lacks a judicially cognizable interest in the
3  prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.
4  Ct. 1146 (1973). If plaintiff intended to set forth a civil claim under RICO, he has failed
5  because he has not alleged the injury to his "business or property" required pursuant to 18 U.S.C.
6  § 1964(c). Plaintiff's putative RICO claim will be dismissed.
7  As to his claims of conspiracy, vague and conclusory allegations are not sufficient
8  to support a claim for civil rights violations based on conspiracy. Ivey v. Board of Regents, 673
9  F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).
10 Plaintiff must make some showing of an agreement or a meeting of the minds on the part of
11 defendants to violate his constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121,
12 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983). Conspiracy allegations
13 must be supported by material facts and not be merely conclusory statements. Lockary v.
14 Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984). Plaintiff's conspiracy claims will be dismissed
15 with leave to amend.
16 With regard to defendants Thor and Traquina, to the extent that they are sued for
17 their participation in the inmate appeals process, the gravamen of this claim against these
18 individuals appears to be their failure to include each visit plaintiff made to the clinic with his
19 complaints of pain/infection in their grievance responses, that is, they did not to consider all of
20 the "critical information" in processing and answering the grievances or to otherwise respond in a
21 manner plaintiff deemed appropriate. Prisoners do not have a "separate constitutional
22 entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860
23 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-
24 existence of, or the failure of prison officials to properly implement, an administrative appeals
25 process within the prison system does not raise constitutional concerns. Mann v. Adams, 855
26 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993);

1  Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill.
2  1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any
3  substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest
4  requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a
5  failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State
6  regulations give rise to a liberty interest protected by the Due Process Clause of the federal
7  constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical
8  and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin
9  v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[2]  Plaintiff's due process claims
10 against these defendants will be dismissed but plaintiff will be granted leave to amend.

11         Defendants sued in their individual capacity must be alleged to have: personally
12 participated in the alleged deprivation of constitutional rights; known of the violations and failed
13 to act to prevent them; or implemented a policy that repudiates constitutional rights and was the
14 moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th
15 Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir.
16 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v.
17 Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not
18 every injury in which a state official has played some part is actionable under that statute."
19 Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).  "Without
20 proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837

---

[2] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

(9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

Plaintiff has not set forth facts with regard to defendants Thor and Traquina sufficient to suggest that they are liable to him under a ratification theory, and they will be dismissed on that ground as well, but plaintiff will be given leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board

1 | of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2 |      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

     Accordingly, IT IS HEREBY ORDERED that:

     1. Plaintiff's claims of violations of the RICO Act and allegations of conspiracy and due process violations against defendants Thor and Traquina (in other words, all claims but those alleging inadequate medical care predicated on the Eighth Amendment) are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file a second amended complaint will result in a recommendation that these claims be dismissed from this action.

     2.. Upon filing a second amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 10/23/07

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
will1474.b1(2)